FILED
2018 MAR 26 PM 4:32
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

APOGEE TELECOM, INC.,
    Plaintiff,

-vs-

UNIVERSITY VIDEO SERVICES, INC.,
    Defendant.

CAUSE NO.:
A-17-CA-00672-SS

# ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant University Video Services (UVS)'s Opposed Motion to Stay Discovery and Motion for Protective Order [#21], Plaintiff Apogee Telecom, Inc. (Apogee)'s Response [#28] in opposition, UVS's Reply [#31] in support, and Apogee's Surreply [#32-1][1] thereto. Having considered the documents, the case file as a whole, and the applicable law, the Court enters the following opinion and orders.

## Background

This is a trade secrets misappropriation case between Apogee and UVS, competitors in the business of providing video services to universities. Apogee alleges UVS improperly received trade secrets from a former Apogee employee, Brian Rosenblatt. Compl. [#1] at ¶ 2. Rosenblatt is the founder, co-owner, and chief executive of UVS. Mot. Stay [#21-1] Ex. 1 (Rosenblatt Aff.) at ¶ 2. In 2017, University of Mary Hardin-Baylor (UMHB) terminated its contract with Apogee and contracted instead with UVS for residential network and video

---

[1] Also pending before the Court is Apogee's Opposed Motion for Leave to File a Surreply [#32], which the Court hereby GRANTS.



services. Compl. [#1] at ¶ 3. Apogee asserts UVS unlawfully used Apogee's trade secrets in its business dealings with UMHB. *Id.* at ¶ 18.

In early 2016, Apogee sued Rosenblatt in California state court for, among other things, interference with business relations, breach of employment contract, and misappropriation of the same trade secrets at issue in this case. Mot. Stay [#21-3] Ex. 2-1 (Cal. Complaint). The California case has a bifurcated trial schedule, with the first phase—to determine whether Apogee has met its burden of proof to establish the existence of a trade secret and whether the trade secret was misappropriated—set to begin August 10, 2018. Mot. Stay [#21-12] Ex. 2-10 (Minute Order).

Apogee filed this lawsuit against UVS, Just in Time Communications, Inc. (JIT), and Justin Jones on July 12, 2017, asserting claims for common law and statutory misappropriation of trade secrets in addition to tortious interference with prospective relations. Compl. [#1] at ¶¶ 14–29. The Court dismissed defendants JIT and Justin Jones for lack of personal jurisdiction. *See* Order of Nov. 20, 2017 [#17]. UVS now moves to stay discovery pending resolution of the California litigation and for entry of a protective order. *See* Mot. Stay [#21]. UVS's motion is fully briefed and ripe for consideration.

## Analysis

As noted above, UVS requests a stay of discovery and an entry of a protective order under Rule 26 of the Federal Rules of Civil Procedure. The Court will address each request in turn.

### I. Stay of Discovery

UVS contends this case is duplicative of the California state court lawsuit Apogee is pursuing against Rosenblatt. *See* Mot. Stay [#21] at 1–7. According to UVS, the Court should

stay this lawsuit pending the outcome of the California litigation based on abstention grounds and the Court's inherent power to manage its docket. *Id.*

Apogee opposes any stay, arguing abstention should not apply here because this case is not a parallel proceeding to the California litigation, and even if it was, the abstention factors do not favor a stay. Resp. [#28] at 2–9.

In general, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *McClellan v. Carland*, 217 U.S. 268, 282 (1910). The doctrine of abstention, under which a district court may decline to exercise or postpone the exercise of its jurisdiction based on parallel proceedings in a state court, is only appropriate under extremely limited circumstances. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1 (1983). Indeed, the Supreme Court has called abstention under *Colorado River* "an extraordinary and narrow exception to the duty of a district court to adjudicate controversies properly before it." 424 U.S. at 813.

A threshold issue is whether the proceedings pending in state and federal court are indeed "parallel," as the *Colorado River* abstention cannot be invoked where suits are not parallel. *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 n.7 (5th Cir. 2006). Suits are parallel if they involve the same parties and the same issues, but "a mincing insistence" on identical parties and claims is not required. *Republic Bank Dallas Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987); *PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973). An important inquiry is whether the state litigation will dispose of all claims presented in the federal action. *See African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 798 (5th Cir. 2014) (finding

actions to be sufficiently parallel because the state court proceeding "will necessarily dispose of all claims asserted by AME in the federal action").

The Court finds the *Colorado River* abstention doctrine inapplicable because this case is not parallel to the California state court litigation. In California, Apogee is suing its former employee Rosenblatt for alleged interference with business relations, misappropriation of trade secrets, and breach of employment contract, among other things. By contrast, Apogee is suing UVS in this matter for its alleged acquisition of trade secrets from Rosenblatt and use of the trade secrets for UVS's personal gain with respect to the UMHB contract. While the trade secrets at issue in both cases are the same, the defendants are different, and more importantly, the alleged wrongful conduct is different between the lawsuits. In addition, the causes of action arise under different state laws, and it is unlikely the California litigation will completely dispose of all claims in this case.[2] Because the lawsuits are not parallel, the *Colorado River* abstention doctrine cannot be invoked here and the Court need not consider the abstention factors.

A short stay of discovery in this case is nevertheless appropriate in the interest of justice. In July 2017, Apogee obtained a 90-day continuance of the trial date in the California litigation because of Apogee's counsel's family leave. *See* Mot. Stay [#21-10] Ex. 2-8 (Continuance Hr'g Tr.) at 10:5–12:11. Apogee's counsel represented to the state court judge that Apogee would not oppose a commensurate stay of discovery in this case. *Id.* Given UVS's request for a stay (albeit on other grounds the Court finds unpersuasive) and Apogee's representations in the California litigation, the Court imposes a 90-day stay of all discovery in this case. This stay does not change the Court's scheduling order, but simply extends any pending discovery deadlines by 90 days. Neither party shall issue new discovery requests during this stay.

---

[2] The Court acknowledges, as it has before, the outcome of the California case may dispose of one or more issues in this case. *See* Order of Nov. 20, 2017 [#17].

4

## II. Protective Order

UVS requests a protective order to limit discovery, arguing the discovery in this case "is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Mot. Stay [#21] at 7–8 (citing Rule 26(b)(2)(C)). In its reply, UVS clarifies it seeks a temporary stay of discovery because such discovery is not proportional to the needs of this case. Reply [#31] at 3.

Apogee contends UVS's request is unsupported by Rule 26 and UVS has failed to show good cause for issuance of a protective order. *See* Resp. [#28] at 8–10.

A stay of all discovery in this lawsuit is beyond the scope of Rule 26(b)(2)(C). The cited portion of Rule 26 requires the Court limit the frequency or extent of discovery under certain circumstances, but the Court has been unable to find a single case (nor has UVS presented one) in which all discovery in a federal case was stayed on the basis of Rule 26(b)(2)(C) because of a pending related case. The Court expects the parties to comply with the Federal Rules of Civil Procedure and be reasonable with the scope of discovery requests. The parties should work together to resolve any discovery disputes and leverage discovery in the ongoing California litigation to the extent possible. The Court will consider future motions to limit discovery or resolve discovery disputes as needed but does not expect any such motions considering the competent counsel in this case.

## Conclusion

Accordingly,

IT IS ORDERED Plaintiff Apogee's Opposed Motion for Leave to File a Surreply [#32] is GRANTED;

IT IS FURTHER ORDERED that that Defendant UVS's Motion to Stay Discovery and Motion for Protective Order [#21] is GRANTED in part and DENIED in part in accordance with this opinion; and

IT IS FINALLY ORDERED that the discovery deadlines in this case are STAYED NINETY (90) DAYS in accordance with this opinion.

Signed this 26a day of March 2018.

_____
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE